1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TARZ MITCHELL,                    )
        #63139                    )
                                  )
            Plaintiff,            )        2:10-cv-01339-JCM-RJJ
                                  )
vs.                               )
                                  )        **ORDER**
HOWARD SKOLNIK, *et al.*,         )
                                  )
            Defendants.           )
_____/

        This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  The court now reviews plaintiff's amended complaint (docket #6).

**I. Screening Standard**

        Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may,

therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*; however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

To sustain an action under section 1983, a plaintiff must show (1) that the conduct

2

complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006).

## II. Instant Complaint

Plaintiff, who is incarcerated at Southern Desert Correctional Center ("SDCC"), has sued Nevada Department of Corrections ("NDOC") Director Howard Skolnik, Rex Reed, Nevada State Prison ("NSP") Associate Warden of Programs ("AWP") James Baca, NSP caseworker Shell Zappatini, SDCC Warden Brian Williams, Cheryl Burson and Tanya Hill. Plaintiff claims retaliation and violations of his Fourteenth Amendment due process rights.

Plaintiff alleges the following: after a hearing at NSP, prison officials classified him as a member of a Security Threat Group ("STG").[1] In July 2009, he was transferred from NSP to SDCC, where he requested and received another STG hearing. Though Warden Williams, Burson, and Hill had no evidence that he was a gang member, they refused to change his classification. He was denied parole for a consecutive sentence due to his classification as a gang member. Defendants also used the prison gang validation procedure to retaliate against him for filing grievances. Williams, Burson, and Hill further retaliated against plaintiff for filing grievances by terminating his work assignment.

With respect to the 2009 STG hearing, "[p]risoners . . . may not be deprived of life, liberty or property without due process of law . . . .[T]he fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed . . . ." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). When a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges,

---

[1]In the "Nature of the Case" section of the complaint form as well as in count I, plaintiff appears to allege that this original hearing violated his due process rights. However, the hearing apparently took place in January 2007, and thus plaintiff is barred by the two-year statute of limitations from challenging that hearing. *See*, *e.g.*, *Wallace v. Kato*, 549 U.S. 384 (2007); Nev. Rev. Stat. 11.190(4)(e) (because § 1983 contains no statute of limitations, federal courts should borrow state statutes of limitations for personal injury actions in § 1983 suits, which in Nevada is two years).

a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. *See id.* at 563-70; *see also Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Serrano v. Francis*, 345 F.3d 1071, 1077-78 (9th Cir. 2003); *Neal v. Shimoda*, 131 F.3d 818, 830-31 (9th Cir. 1997); *Walker v. Sumner*, 14 F.3d 1415, 1419-20 (9th Cir. 1994), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *McFarland v. Cassady*, 779 F.2d 1426, 1428 (9th Cir. 1986), *abrogated in part on other grounds by Sandin*, 515 U.S. 472. With his allegations regarding the lack of evidence at his STG hearing, plaintiff states claims under the Due Process Clause of the Fourteenth Amendment against defendants Williams, Burson and Hill.

With respect to plaintiff's retaliation claims, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989). To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate against his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. *See Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (*i.e.*, filing a legal action). *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979); *see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Pratt*, 65 F.3d at 806. Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. *See Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1316 (9th Cir. 1989). Plaintiff states First Amendment retaliation claims against defendants Williams, Burson and Hill.

While in both counts plaintiff claims that defendants Skolnik, Reed, Baca and Zappatini "knew or should have known" of the violations of plaintiff's constitutional rights, "[l]iability under [§]

4

1983 arises only upon a showing of personal participation by the defendant.  A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.  There is no respondeat superior liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted); *see also Hydrick v. Hunter*, 500 F.3d 978, 988 (9th Cir. 2007); *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (concluding proper to dismiss where no allegations of knowledge of or participation in alleged violation).  Plaintiff does not describe any specific actions by these defendants, nor does he allege specifically that these defendants had knowledge of or participated in any alleged civil rights violation.  All claims against defendants Skolnik, Baca, Reed, and Zappatini are dismissed.

No other claims are stated in this complaint.

**III.  Conclusion**

IT IS THEREFORE ORDERED that the Clerk shall **FILE** the complaint (docket #1-2).

IT IS FURTHER ORDERED that plaintiff's Fourteenth Amendment due process claims against defendants Williams, Burson and Hill **MAY PROCEED**.

IT IS FURTHER ORDERED that plaintiff's retaliation claims against defendants Williams, Burson and Hill **MAY PROCEED**.

IT IS FURTHER ORDERED that all claims against defendants Skolnik, Baca, Reed and Zappatini are **DISMISSED**.

IT IS FURTHER ORDERED that the Clerk **shall electronically serve a copy of this order, along with a copy of plaintiff's amended complaint, on the Office of the Attorney General of the State of Nevada, attention Pamela Sharp**.

IT IS FURTHER ORDERED that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed

to the defendants or counsel for defendants.  If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein.  The Court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

DATED this 3rd day of December, 2010.

UNITED STATES DISTRICT JUDGE