UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TARZ MITCHELL, #63139 | ) ) ) |
| Plaintiff, | ) 2:10-cv-01339-JCM-RJJ ) |
| vs. | ) ) **ORDER** |
| HOWARD SKOLNIK, *et al.*, | ) ) |
| Defendants. | ) ) |

Presently before the court is plaintiff Tarz Mitchell's motion for preliminary injunction. (Doc. #10). Defendants Haward Skolnik, et al filed an opposition. (Doc. #12). Plaintiff filed a reply. (Doc. #13).

Plaintiff's complaint (doc. #6) stems from a prison hearing where plaintiff was deemed a "gang member" and placed on "security threat group" status. Plaintiff asserts that not only was the conclusion reached "without evidence and without the appropriate members to conduct a lawful (S.I.G.) hearing," but the false label "threatens the safety and well being of the [p]laintiff." He further asserts that defendants retaliated against him by depriving him of the same opportunities that other inmates receive.

In the present motion for a preliminary injunction (doc. #10), plaintiff asserts that under Federal Rule of Civil Procedure 65(a) he is entitled to a preliminary injunction whereby the court would order

the following:

    "(1)    [T]he defendants to demonstrate to this court legitimate cause for terminating plaintiff's work assignment as a braille student.

    (2)    [T]he defendants to demonstrate to this court legitimate cause for having inmates [] placed in administrative segregation for wanting to have a bed move when two cellmates do not get along, and a legitimate cause for forcing incompatible cellmates to live together.

    (3)    [T]he defendants to demonstrate to this court legitimate cause for placing security threat group status on inmates when no evidence shows that plaintiff or other inmates that are similarly situated have ever been involved with a gang or gang activity through arrest records [or] presentence investigation report.

    (4)    [T]he defendants to demonstrate to this court legitimate cause denying plaintiff's braille job when George Guzman [and] Victor Scott were over to Unit 7 and given braille jobs when they were not certified as a braille transcriber.

    (5)    [T]he defendants to demonstrate to this court legitimate cause of forcing braille supervisor Brenda Barron not to hire plaintiff, yet allow[ing] her to hire other inmates that she chooses to hire."

The Supreme Court has held that courts must consider the following factors in determining whether to issue a temporary restraining order and preliminary injunction: 1) a likelihood of success on the merits; 2) possibility of irreparable injury if preliminary relief is not granted; 3) balance of hardships; and 4) advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374-76 (2008).

Further, under 18 U.S.C. § 3626(a)(2), the Prison Litigation Reform Act (hereinafter "PLRA") provides that "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." The PLRA also provides that "[t]he court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary

1 relief..." 18 U.S.C. § 3626(a)(2). In addition, preliminary relief is not proper when it relates to matters lying wholly outside the issues in the suit. *DeBeers Consol. Mines v. United States,* 325 U.S. 212, 220 (1945).

Here, plaintiff does not demonstrate to the court that there is any "possibility of irreparable injury." He merely asks the court to order the defendants to explain their reasoning for certain actions or inactions. Further, he does not even attempt to establish that there is a "likelihood of success on the merits," as only one request for relief, his third request, actually relates to his complaint, and he fails to provide the court with any argument as to the likelihood of success on that issue.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff Tarz Mitchell's motion for preliminary injunction (doc. #10) be, and the same hereby is, DENIED.

DATED this 16th day of February, 2011.

_____
UNITED STATES DISTRICT JUDGE