UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| TARZ MITCHELL,<br>          #63139 | )<br>)<br>) | |
| Plaintiff, | )<br>) | 2:10-cv-01339-JCM-RJJ |
| vs. | )<br>) | **ORDER** |
| HOWARD SKOLNIK, *et al.*, | )<br>) | |
| Defendants. | )<br>) | |

Presently before the court is defendants Brian Williams, et. al.'s motion for partial dismissal. (Doc. #21). Plaintiff Tarz Mitchell filed a *pro se* response. (Doc. #23). Defendants did not file a reply. Defendants' motion asserts that plaintiff has failed to state a due process claim upon which relief can be granted and moves for partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff is currently in the custody of the Nevada Department of Corrections and is housed at Southern Desert Correctional Center. Plaintiff's claims arise from defendants' refusal to remove plaintiff's Security Threat Group ("STG") designation, despite an alleged absence of evidence supporting this designation. In his complaint, plaintiff asserts two claims: (1) a Fourteenth Amendment due process claim, and (2) a First Amendment claim for retaliation for protected activity. (Doc. #8). The instant motion seeks dismissal of the due process claim. (Doc. #21).

1       Defendants assert three independent grounds for dismissing plaintiff's due process claim: (1) plaintiff has failed to articulate a due process right for a particular STG designation; (2) plaintiff actually received due process; and (3) defendants are entitled to qualified immunity. (Doc. #21).

### Legal Standard

      A complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The statement of the claim is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Pursuant to Federal Rule of Civil Procedure 12(b)(6), courts may dismiss causes of action that "fail[] to state a claim upon which relief can be granted." In 42 U.S.C. § 1983 prisoner civil rights litigation, the court may dismiss any action "if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1).

      Courts must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Although "not akin to a 'probability requirement,'" the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.*

### Discussion

      Defendants have asserted three grounds for dismissal of plaintiff's due process claim. The court addresses each ground in turn.

**I.**     **Plaintiff has failed to articulate a due process right for a particular STG designation**

      Defendants first assert that plaintiff has no due process right not to be classified as STG. According to defendants, plaintiff has failed to allege facts sufficient to make it plausible that his STG classification "constitutes an atypical and significant hardship or otherwise exceeds his sentence in some extraordinary manner." (Doc. #21). Thus, plaintiff's due process claim should be dismissed because

there are no facts or inferences in the complaint that make plaintiff's claim plausible.

Prisoners have "no constitutional right to a particular classification status." *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987). Due process liberty interests are limited to freedom from restraint. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). These interests are implicated only when actions taken against a prisoner exceed "the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force" or "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*

Defendants assert that plaintiff has not alleged facts sufficient to establish deprivation of a liberty interest because his "only contentions are that the classification has caused him to suffer a harsher punishment because he has been denied parole to a consecutive sentence." (Doc. #21). Contrary to defendants' characterization of the complaint, plaintiff has alleged facts that go beyond the duration of his sentence. Plaintiff's amended complaint alleges that the STG classification "threatens the safety and well being of the [p]laintiff" because plaintiff is now "at risk with other inmates who are gang members and correctional officers. (Doc. #6). Plaintiff further asserts that the STG designation permits correctional officers to use "excessive force without a legitimate penological reason." (Doc. #6).

Accepting the factual allegations in plaintiff's complaint as true, *Tellabs, Inc.*, 551 U.S. at 322, the court finds that it is plausible that the impact of the STG classification "imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin*, 515 U.S. at 484. It is plausible that the STG classification has subjected plaintiff to dangerous conditions beyond the "ordinary incidents of prison life" to which plaintiff would have been subjected without the STG designation. *See id.* Accordingly, at the motion to dismiss phase, plaintiff has alleged facts sufficient to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949.

**II.     Plaintiff actually received due process**

Defendants' second argument is that even if plaintiff has alleged a valid due process claim, plaintiff actually received all the process that was due. (Doc. #21). Defendants state that "[p]laintiff does not contend that [d]efendants failed to afford him any of the aforementioned safeguards." (Doc.

1 #21).

2 Defendants cite the lower threshold of due process afforded to defendants in correctional proceedings. "[T]here must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Specifically, defendants in prison disciplinary proceedings are entitled to: (1) 24 hours notice of the charge, (2) a written statement by the fact finders as to the evidence relied upon and the reasons for the action taken, and (3) an opportunity for the inmate to call witnesses and present documentary evidence so long as it is not unduly hazardous to the institution or correctional goals. *Id.* at 564-66; *see also* (doc. #21).

10 In response, plaintiff asserts that he has not received due process because the government failed to provide plaintiff with a "written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action." *Id.* (internal citations omitted); (doc. #23). Although plaintiff's complaint does not explicitly allege that the government failed to provide him with a written statement of the evidence relied on and reasons for the disciplinary action, the court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court interprets plaintiff's compliant liberally and finds that plaintiff's assertion that defendants "came to their conclusion without evidence" is sufficient to give defendants notice that plaintiff was challenging the procedural propriety of defendants' actions. (Doc. #6).

19 Defendants have never responded to plaintiff's allegation that there is no written statement of the evidence relied on and the reasons for plaintiff's STG designation. Accordingly, it is not appropriate to dismiss plaintiff's due process claim based on defendants' second argument.

**III.   Defendants are entitled to qualified immunity**

23 Finally, defendants assert that they enjoy qualified immunity in the instant case. (Doc. #21). Specifically, defendants argue that they "should [not] be expected to know that exercising their discretion to maintain [p]laintiff's STG classification violates his due process rights when [p]laintiff arrived at SDCC with that designation." (Doc. #21).

1      "Qualified immunity protects all but the plainly incompetent or those who knowingly violate the
2 law." *Mueller v. Auker*, 576 F.3d 979, 992 (9th Cir. 2009).  The court addresses two questions when
3 analyzing the applicability of qualified immunity: (1) whether, "in the light most favorable to the party
4 asserting the injury," the alleged facts show the officer's conduct violated a constitutional right, and (2)
5 whether the right was clearly established such that a reasonable government official would know the
6 conduct was unlawful.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Pearson v. Callahan*, 555 U.S. 223
7 (2009).

8      Defendants' assertion of qualified immunity based on their discretionary authority to maintain
9 plaintiff's STG classification is misdirected.  Plaintiff is not challenging defendants' authority to
10 maintain his STG classification.  Instead, plaintiff is challenging the procedural propriety of defendants'
11 exercise of that discretion.  (*See* Doc. #23).  Plaintiff asserts that defendants have violated his due
12 process rights by (1) issuing a decision without any supporting evidence, and (2) failing to provide him
13 with a written statement of the evidence relied on and the reasons for plaintiff's continued STG
14 designation. (Doc. #23).

15      At this stage in the litigation, the court declines to grant defendants' motion to dismiss plaintiff's
16 due process claim based on qualified immunity.

17      Accordingly,

18      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Brian Williams,
19 et. al.'s motion for partial dismissal (doc. #21) be, and the same hereby is, DENIED.

20      DATED this 28th day of October, 2011.

                                                       UNITED STATES DISTRICT JUDGE