1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10

11    TARZ MITCHELL,                          )
          #63139                              )
12                                            )
               Plaintiff,                     )          2:10-cv-01339-JCM-GWF
13                                            )
      vs.                                     )
14                                            )          **ORDER**
      HOWARD SKOLNIK, *et al.*,               )
15                                            )
               Defendants.                    )
16    _____/

17          Presently before the court is plaintiff Tarz Mitchell's emergency motion for preliminary

18    injunction. (Doc. #29). Defendants Brian Williams, et. al. filed a response (doc. #30), to which plaintiff

19    has not replied.

20    **I.      Background**

21          Plaintiff is a prisoner held by the Nevada Department of Corrections ("NDOC") at Southern

22    Desert Correctional Center ("SDDC"). (Doc. #1, Ex. A). Plaintiff alleges that defendants violated his

23    due process rights by using his designation as a member of a security-threat-group ("STG") to retaliate

24    against him for filing grievances against prison officials. *Id.*

25          Plaintiff's motion for emergency injunctive relief contends that defendants intended to place

26    plaintiff in danger when they attempted to house him with a known member of a rival gang, and that

1    prison officials assigned this placement in retaliation for grievances filed by plaintiff.  (Doc. #29).

2    Plaintiff further alleges that sanctions were imposed against him when he refused this housing

3    assignment with an identified member of a rival STG, that defendants could still place him with a rival

4    gang member in the future, and that such an assignment is contrary to the goals of NDOC administrative

5    regulations.  *Id*.  Finally, plaintiff claims that he is being denied the right to file grievances.  *Id*.

6        Defendants argue that there is no need for this court to grant preliminary injunctive relief to

7    protect plaintiff from his allegedly unsafe housing assignment because plaintiff was not forced to accept

8    the assignment when he refused it and is not currently housed with a gang rival.  (Doc. #30).

9    Additionally, plaintiff has not been designated as a member of a STG since January of 2010, and he has

10   the opportunity to file grievances.  *Id*.

11       Plaintiff now moves for a preliminary injunction compelling defendants to (1) classify plaintiff

12   as a "level one" inmate; (2) refrain from housing plaintiff with known gang rivals; and (3) recognize

13   plaintiff's First Amendment right to file grievances.  *Id*.

14   **II.    Discussion**

15       **A.    Legal Standard**

16       The Prison Litigation Reform Act ("PLRA") allows the court to issue an order for preliminary

17   injunctive relief with respect to prison conditions. 18 U.S.C. § 3626(a)(2).  When preliminary injunctive

18   relief is requested with respect to prison conditions, "[t]he court shall give substantial weight to any

19   adverse impact on public safety or the operation of the criminal justice system caused by the preliminary

20   relief . . . ."  *Id*.  Therefore, when balancing hardships, the court must be particularly concerned with the

21   hardship caused by judicial interference in the operation of a prison.  *See id*.  If a preliminary injunction

22   is granted, it "must be narrowly drawn, extend no further than necessary to correct the harm the court

23   finds required preliminary relief, and be the least intrusive means necessary to correct that harm."  *Id*.

24       Pursuant to Federal Rule of Civil Procedure 65, a court may issue a preliminary injunction only

25   on notice to the other party.  Federal courts must consider the following factors in determining whether

26   to issue a preliminary injunction: (1) a likelihood of success on the merits; (2) the likelihood of

2

irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter v. N.R.D.C.*, 555 U.S. 7, 20 (2008).

### 1. Likelihood of success on the merits

Plaintiff first moves the court for a preliminary injunction requiring NDOC to classify plaintiff as a level-one inmate. (Doc. #29). Prisoners have no due process right to a particular prisoner classification. *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987). Furthermore, plaintiff does not dispute defendants' assertion that plaintiff has not had the STG classification since January of 2010. (Doc. #30).

Plaintiff next asks the court for an injunction preventing defendants from housing him with identified rival gang members. Plaintiff asserts that he refused his housing assignment in order to avoid a confrontation with his assigned cell-mate, a rival gang member, and that the defendants "could" attempt to house him with a rival gang member again. (Doc. #29). Defendants' unrefuted response is that once plaintiff refused his housing assignment he was not housed with a member of a rival STG and, therefore, is not in danger. Plaintiff's belief that he could be forced to accept a similar housing assignment in the future is conjectural and unsubstantiated.

Finally, plaintiff moves that this court "inform the defendants that plaintiff has a . . . constitutional right to [file] grievances." (Doc. #29). In the instant case, the plaintiff has been allowed to file complaints and has been given the opportunity to appeal rejections. (*See* Doc. #1 Ex. A-1). Plaintiff has also been provided a forum to have his grievances heard by this court.

Plaintiff's motion for preliminary injunction has failed to demonstrate a likelihood of success on the merits. *See Winter*, 555 U.S. at 20. Therefore, the likelihood of success factor weighs against granting the motion for a preliminary injunction.

### 2. Likelihood of irreparable injury

Plaintiff no longer bears a STG designation, is not currently housed with a rival gang member, and has the opportunity to be heard by this court. Therefore, the likelihood of irreparable injury factor weighs against granting a preliminary injunction.

### 3.     Balance of hardships

Pursuant to 18 U.S.C. § 3626(a)(2), "[t]he court shall give substantial weight to any adverse impact on public safety or the operation of the criminal justice system caused by the preliminary relief . . . ." Therefore, when balancing the hardships in this case, the court must take particular care not to unduly burden the defendants by meddling in the operation of SDDC.

The defendants' substantial interest in avoiding the adverse impact which may result from preliminary relief is greater than the hardship sustained by the plaintiff.  As described above, it is not likely that the plaintiff will suffer any meaningful hardships if he is not granted preliminary injunctive relief.  Therefore, the balance of hardships factor weighs against granting the preliminary injunction.

### 4.     Public interest

The primary public interest to be considered in this context is public safety. 18 U.S.C. § 3626(a)(2).  Public safety is best served by prisons managed within the discretion of prison officials. *Bell v. Wolfish*, 441 U.S. 520, 540 (1979).  The public interest factor weighs against granting the preliminary injunction.

## III.     Conclusion

Plaintiff's motion fails to demonstrate (1) a likelihood of success on the merits, (2) irreparable injury, (3) a balance of hardships in his favor, or (4) that a preliminary injunction would be in the public interest.  Under these circumstances, a preliminary injunction is not warranted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Tarz Mitchell's emergency motion for preliminary injunction (doc. #29) be, and the same hereby is, DENIED.

DATED this 2nd day of March, 2012.

UNITED STATES DISTRICT JUDGE

4