UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| TARZ MITCHELL,<br>    #63139 | )<br>)<br>) | |
| Plaintiff, | ) | 2:10-cv-01339-JCM-GWF |
| vs. | )<br>)<br>) | **ORDER** |
| HOWARD SKOLNIK, *et al.*, | )<br>) | |
| Defendants. | ) | |

Presently before the court is *pro se* plaintiff Tarz Mitchell's motion to amend/correct complaint. (Doc. #36). Plaintiff attached a copy of his proposed amended complaint to the motion. (Doc. #36, Ex. 1). Defendants Brian Williams, et. al. filed an opposition. (Doc. #38). Plaintiff did not file a reply.

Plaintiff's proposed amended complaint asserts two new claims and adds three new defendants. (Doc. #36, Ex. 1). First, plaintiff's new count III is a claim for retaliation against defendant Cheryl Burson from October 10, 2011, to January 13, 2012. (Doc. #36, Ex. 1). Second, plaintiff's new count IV is a claim for supervisory liability and failure to train. (Doc. #36, Ex. 1). Finally, plaintiff adds Nevada Governor Brian Sandoval, Nevada Secretary of State Ross Miller, and Nevada Attorney General Catherine Cortez Masto as defendants for their alleged role in count IV of the proposed amended complaint. (Doc. #36, Ex. 1).

1    Defendants oppose this motion, arguing that amendment is futile. (Doc. #38). Specifically, defendants assert that count III of the proposed amended complaint is subsumed within count II of the existing complaint because the factual allegations in count III are part of the same cause of action as count II. (Doc. #38). Further, defendants argue that count IV fails to state a claim upon which relief can be granted because the three new defendants, in their role as members of the Board of Prison Commissioners, have no statutory duty to train Nevada Department of Correction employees. (Doc. #38).

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." Absent a showing of an "apparent reason" such as undue delay, bad faith, dilatory motive, prejudice to the defendants, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The local rules of federal practice in the District of Nevada require that a plaintiff submit a proposed amended complaint along with the motion to amend. LR 15-1(a).

While counts two and three of the proposed amended complaint are both retaliation claims, the factual allegations in these claims are distinct. Count two asserts that defendants retaliated against plaintiff when plaintiff filed prison grievances. The factual allegations in this count revolve around work- and education-related retaliation. Count three asserts that defendants retaliated against plaintiff when plaintiff filed the instant case. Here, plaintiff asserts that defendants eventually placed plaintiff in administrative segregation in retaliation for filing this lawsuit. (Doc. #36, Ex. 1). Leave to amend "shall be freely given," and the court finds that amendment is appropriate in this case. FED. R. CIV. P. 15(a).

However, the court finds that plaintiff's proposed count IV is futile. Pursuant to NRS 209.111, the functions of the Board of Prison Commissioners are limited to: (1) purchasing materials and tools necessary for any institution or facility of the Nevada Department of Corrections, (2) regulating the number of officers and employees of the Nevada Department of Corrections, and (3) prescribing

1 regulations for carrying on the business of the Board and the Nevada Department of Corrections. NRS
2 209.111. Therefore, the allegations in the proposed amended complaint are not sufficient to make it
3 plausible that Nevada Governor Brian Sandoval, Nevada Secretary of State Ross Miller, and Nevada
4 Attorney General Catherine Cortez Masto would have any duty to train Nevada Department of
5 Corrections employees.
6   Accordingly,
7   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiff Tarz Mitchell's
8 motion to amend/correct complaint (doc. #36) be, and the same hereby is, GRANTED.
9   IT IS FURTHER ORDERED that, after deleting count IV of the proposed amended complaint,
10 plaintiff file his amended complaint with the court within 14 days of entry of this order. Failure to file
11 an amended complaint may result in sanctions, including dismissal of the instant case.
12   DATED May 4, 2012.

_____
UNITED STATES DISTRICT JUDGE