UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TARZ MITCHELL,
      #63139

      Plaintiff,

vs.

HOWARD SKOLNIK, *et al.*,

      Defendants.

2:10-cv-01339-JCM-GWF

**ORDER**

Presently before the court is *pro se* plaintiff Tarz Mitchell's fourth motion for preliminary injunction. (Doc. #49). Also before the court is plaintiff's motion for teleconference in support of the motion for preliminary injunction. (Doc. #50). Defendants Howard Skolnik did not file a response to these motions.

**Background**

Plaintiff is a prisoner held by the Nevada Department of Corrections ("NDOC") at Southern Desert Correctional Center ("SDDC"). (Doc. #1, Ex. A). On May 4, 2012, the court granted plaintiff's motion for leave to amend the complaint to assert a claim for continued retaliation by defendants for filing this lawsuit. (Doc. #41). Plaintiff now requests a preliminary injunction, asserting that defendants "have conspired with their subordinates to physically abuse, threaten and harass [p]laintiff" because he

1 filed grievances and this civil lawsuit. (Doc. #49). Thus, plaintiff requests a preliminary injunction giving plaintiff the following relief:

    "(1)    Because of the on-going violation of retaliation against plaintiff, plaintiff to be transferred to a medium security institution in the Nevada Department of Corrections, and same custody level.

    (2)    While plaintiff is housed at Southern Desert Correctional Center, there is to be no more retaliatory conduct from Southern Desert Correctional Center Officials against plaintiff for redress of prison grievances.

    (3)    When or if plaintiff is placed in administrative segregation, plaintiff will be able to have access to the court, by law clerk or, law library supervisor to pick up legal mail and legal supplies."

(Doc. #49).

Plaintiff's previous motions for preliminary injunction were denied by this court. (*See* Docs. #14 and #34).[1] The court found that plaintiff had failed to establish that the *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), factors weighed in favor of granting a preliminary injunction. (*See* Docs. #14 and #34).

## **Legal Standard**

The Prison Litigation Reform Act ("PLRA") allows the court to grant preliminary injunctive relief with respect to prison conditions. 18 U.S.C. § 3626(a)(2). When preliminary injunctive relief is requested with respect to prison conditions, "[t]he court shall give substantial weight to any adverse impact on public safety or the operation of the criminal justice system caused by the preliminary relief . . . ." *Id*. Therefore, when balancing hardships, the court must be particularly concerned with the hardship caused by judicial interference in the operation of a prison. *See id*. If a preliminary injunction is granted, it "must be narrowly drawn, extend no further than necessary to correct the harm the court finds required preliminary relief, and be the least intrusive means necessary to correct that harm." *Id*.

Pursuant to Federal Rule of Civil Procedure 65, a court may issue a preliminary injunction only on notice to the other party. Federal courts must consider the following factors in determining whether

---

[1] Plaintiff's second motion for preliminary injunction was withdrawn by stipulation of the parties. (Doc. #28).

2

to issue a preliminary injunction: (1) a likelihood of success on the merits; (2) the likelihood of irreparable injury if preliminary relief is not granted; (3) balance of hardships; and (4) advancement of the public interest. *Winter*, 555 U.S. at 20.

## Discussion

Similar to the previous motions for preliminary injunction, the instant motion for preliminary injunction fails because plaintiff has not adequately analyzed the *Winter* factors. The motion for preliminary injunction only engages in a conclusory analysis of the likelihood of success and irreparable injury factors, and does not address the balance of hardships or advancement of the public interest factors in any manner. (*See* Doc. #49).

Further, pursuant to the PLRA, this court is required to give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief . . . ." 18 U.S.C. § 3626(a)(2). The instant motion for preliminary injunction does not attempt to make any showing that the requested relief will not have an adverse impact on public safety or the operation of the criminal justice system. *Id.* Therefore, the court is unable to determine whether the balance of hardships and public interest factors weigh in favor of granting the motion for preliminary injunction.

Finally, plaintiff previously has been warned that inmates do not have an "abstract, freestanding right to a law library or legal assistance." (Doc. #40, quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). The court denied plaintiff's previous motion for telephonic conference because plaintiff's problems with access to the law library "appear to be the product of 'prison regulations which are reasonably related to legitimate penological interests.'" (Doc. #40, quoting *Lewis*, 518 U.S. at 351).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that *pro se* plaintiff Tarz Mitchell's fourth motion for preliminary injunction (doc. #49) be, and the same hereby is, DENIED.

. . .

. . .

. . .

1  IT IS FURTHER ORDERED that plaintiff's motion for teleconference in support of the motion
2  for preliminary injunction (doc. #50) be, and the same hereby is, DENIED.
3  DATED June 28, 2012.

_____
UNITED STATES DISTRICT JUDGE